IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, ) | |
| ) | |
| Relator ) | |
| ) | No. 10 C 1455 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| ) | |
| PLAYTEX PRODUCTS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

Thomas Simonian brought this *qui tam* action against Playtex Products, LLC, alleging that Playtex falsely marked some of its products in violation of 35 U.S.C. § 292(a). Playtex moves to dismiss, arguing that § 292(b), which allows Simonian to bring suit on behalf of the United States, violates the "Take Care" clause of Article II of the Constitution and that Simonian has not met the pleading requirements of Fed. R. Civ. P. 9(b).

Simonian alleges that Playtex branded certain of its products with expired patents, which violates § 292(a). Simonian further alleges that Playtex is a sophisticated company with decades of experience applying for, obtaining, and litigating patents. According to Simonian, Playtex maintains an in-house legal department that is responsible for its intellectual property, marketing, and labeling. Simonian thus concludes that Playtex's representatives (its in-house legal counsel) must have known that its products are not covered by expired patents and therefore has labeled its products with the intent to "prevent competitors from entering the market . . . and deceiv[e] the public into believing that" the products are covered by the expired patents.

1

Because federal courts should strive to avoid making constitutional decisions, particularly when they are unnecessary, *Koger v. Bryan*, 523 F.3d 789, 801 (7th Cir. 2009), the Court turns first to Playtex's argument that Simonian has inadequately pleaded his claims.[1] The false marking statute requires that the marker act "for the purpose of deceiving the public." 35 U.S.C. § 292(a). Because § 292(a) sounds in fraud, Fed. R. Civ. P. 9(b) requires a plaintiff to plead with particularity the circumstances constituting the fraud. *In re BP Lubricants USA, Inc.*, — F.3d —, 2011 WL 873147, at * 2 (Fed. Cir. Mar. 15, 2011).

The Federal Circuit makes clear that to prove a false marking claim, a plaintiff must not simply demonstrate the intent to falsely mark a product, but rather the intent to deceive the public. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1365 (Fed. Cir. 2010). Although a plaintiff can create a rebuttable presumption that there was fraudulent intent by showing that a falsely marked product coupled with knowledge of the false marking, *id.* at 1363, Rule 9(b) requires more than simply alleging the "substantive elements of a claim . . . without setting forth the particularized factual bases for the allegations." *In re BP Lubricants*, 2011 WL 873147, at * 3. Instead, a plaintiff must "provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* Merely asserting that a marker "is a sophisticated company and has experience applying for, obtaining, and litigating patents" is not sufficient to state a claim under Rule 9(b). *Id.* at 4. Such assertions do little more than merely assert "that the defendant should have known the patent expired." *Id.* Allowing plaintiffs to proceed on such conclusory allegations would allow

---

[1] Another reason to avoid delving into the Constitutionality of § 292(b) is because Congress is currently considering an amendment to the statute, which would eliminate the *qui tam* provision of the statute. S.23, 112th Congress, § 2(k) (2011) (passing 95-5); H.R. 243, 112th Congress, § 2 (2011). The proposed amendment makes the revision to § 292(b) effective against pending litigation.

discovery and adjudication of claims that do little more than speculate that the defendant was negligent in updating and maintaining its markings. *Id.* at 2. Consequently, a plaintiff must allege facts sufficient to distinguish a viable false marking claim from one asserting only negligent monitoring of the marker's products. *Id.* at 4.

Simonian's allegations here are nearly identical to those that the Federal Circuit found insufficient in *In re BP Lubricants*. Simonian alleges only that Playtex is a sophisticated company with experience applying for, obtaining and litigating patents and that it employs attorneys to protect its intellectual property. Such allegations are not sufficient to state a claim for false marking under the pleading requirements of Rule 9(b) as described in *In re BP Lubricants*, 2011 WL 873147.

Consequently, the Court GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED.

4/11/11
Dated

Hon. William J. Hibbler
United States District Court